### STATE v. RICHARD DALE CARLSON.

192 N. W. (2d) 184.

October 22, 1971—No. 42048.

Richard Dale Carlson, pro se, for appellant.

Warren Spannaus, Attorney General, James M. Kelley, Assistant Attorney General, and Paul J. Tschida, Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Nelson, Otis, Peterson, and Kelly, JJ.

PER CURIAM.

This is a direct pro se appeal from a conviction by a jury for attempted robbery. Defendant claims: (1) The evidence was insufficient to warrant an inference that defendant intended to commit the crime; (2) he was denied the effective assistance of counsel. We affirm defendant's conviction.

On a cold winter night defendant was drinking in a bar in Mankato. He left the bar around 9 p. m. and eventually entered Madsen's North Front Super Value Store with a scarf wrapped around his face and a .22-caliber pistol in his hand. Although the store was closed, there were four employees near the front of the store. The checkout girl testified that defendant pointed the gun at her and said, "Hand over the money and nobody will get hurt." Defendant was disarmed and subdued by the male employees and was charged with attempted aggravated robbery.

Defendant maintains that he did not want any money, that he was intoxicated, dazed, and befuddled, and that he lacked the requisite intent to commit the crime.[1]

---

[1] Minn. St. 609.075 provides: "An act committed while in a state of voluntary intoxication is not less criminal by reason thereof, but when a particular intent or other state of mind is a necessary element to constitute a particular crime, the fact of intoxication may be taken into consideration in determining such intent or state of mind."

In a case like this where defendant was foiled in a robbery attempt, proof of intent to commit a crime must rest on a permissible inference reasonably drawn from all of the facts and circumstances proved. We are satisfied that the evidence in this case is sufficient to sustain the jury's determination, implicit in its verdict, that defendant had the requisite intent to commit the crime.

Defendant's contention that he was denied effective assistance of counsel is refuted by the record. It has been held that before an indigent can assert that he was denied his constitutional right to counsel because of incompetency of court-appointed counsel, the representation must be so incompetent as to render the trial a farce or a sham. State v. Dinneen, 289 Minn. 250, 184 N. W. 2d 16 (1971). The record submitted for review provides no factual support for an assertion that defendant's counsel was so incompetent as to render the trial a farce or a sham. Prior to trial defendant indicated on three different occasions that he was satisfied with his court-appointed counsel. Defendant's attorney made several motions on defendant's behalf and negotiated a plea which defendant refused to accept. At the trial defendant participated in cross-examining the witnesses and argued his own case to the jury.

Affirmed.